# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LA ESTANCIA INVESTMENTS, L.P., § § *Plaintiff,* § § v. § § TOWN OF FLOWER MOUND, TEXAS, § COUNCILMEMBER SAUDEEP § SHARMA, COUNCILMEMBER ANN § MARTIN, AND COUNCILMEMBER § ADAM SCHIESEL § § *Defendants.* § | Civil Action No.  4:22-CV-00371 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Amended Partial Motion to Dismiss Under Rule 12(b)(6) (Dkt. #15).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

Plaintiff La Estancia Investments, L.P. ("La Estancia") alleges that Defendants illegally rezoned property owned by La Estancia (Dkt. #8 ¶ 33).  According to La Estancia, this decision rendered its property undevelopable and diminished the property's market value by over $40 million (Dkt. #8 ¶ 1).

On July 15, 2022, La Estancia filed its First Amended Complaint in which it alleges five causes of action: (1) inverse condemnation; (2) denial of due process and due course; (3) denial of

equal protection; (4) declaratory judgment; and (5) violations of the Texas Open Meetings Act (Dkt. #8 ¶¶ 34–48).[1]

On July 29, 2022, Defendants responded by filing their Amended Partial Motion to Dismiss Under Rule 12(b)(6), arguing that La Estancia had failed to plead sufficient facts in support of its claim for violations of the Texas Open Meetings Act (Dkt. #15). On August 12, 2022, La Estancia filed its response (Dkt. #20). On August 19, 2022, Defendants filed their reply (Dkt. #21).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600,

---

[1] La Estancia also seeks to recover its attorneys' fees and costs (Dkt. #8 ¶¶ 49–50).

603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the current complaint, and the arguments contained in the briefing, the Court finds that Plaintiff has stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Amended Partial Motion to Dismiss Under Rule 12(b)(6) (Dkt. #15) is hereby **DENIED.**

3

**SIGNED this 9th day of January, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE